**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DENNIS R. BILLS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NO. 3:19-cv-00772** |
| | § | |
| | § | |
| **PORTFOLIO RECOVERY ASSOCIATES,** | § | |
| **LLC,** | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANTS PORTFOLIO RECOVERY ASSOCIATES, LLC'S**
**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants Portfolio Recovery Associates, LLC ("Defendant"), and files this Answer to Plaintiff's First Amended Complaint and will respectfully show unto the Court as follows:

**NATURE OF THE ACTION**

1.      Defendant admits that Plaintiff brings this action pursuant to the Fair Debt Colleciton Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Texas Debt Collection Act, Tex. Fin. Code § 392 *et seq.* (the "TDCA"). Defendant denies that any violation of these statutes occurred.

**JURISDICTION AND VENUE**

2.      Defendant lacks information or knowledge sufficient to form a belief as to the truth of Paragraph 2; therefore, Defendant denies the same.

3.      Defendant lacks information or knowledge sufficient to form a belief as to the truth of Paragraph 3; therefore, Defendant denies the same.

4.      Defendant lacks information or knowledge sufficient to form a belief as to the truth of

Paragraph 4; therefore, Defendant denies the same.

## PARTIES

5.      Defendant admits Plaintiff is a natural person. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remainder of Paragraph 5; therefore, Defendant denies the same.

6.      Defendant lacks information or knowledge sufficient to form a belief as to the truth of Paragraph 6; therefore, Defendant denies the same.

7.      Defendant lacks information or knowledge sufficient to form a belief as to the truth of Paragraph 7; therefore, Defendant denies the same.

8.      Defendant admits it was incorporated in 1996 and is based in Norfolk, Virginia. Defendant admits it is a subsidiary of PRA Group, Inc. PRA admits it employs people to handle accounts for customers. Defendant denies it is also known as Anchor Receivables Management.

9.      Defendant lacks information or knowledge sufficient to form a belief as to the truth of Paragraph 9; therefore, Defendant denies the same.

10.     Defendant generally admits Paragraph 10 but lacks sufficient knowledge to determine whether it acted as a debt collector as defined by the FDCPA in this case.

11.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of Paragraph 11; therefore, Defendant denies the same.

12.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of Paragraph 12; therefore, Defendant denies the same.

## FACTUAL ALLEGATIONS

13.      Defendant lacks information or knowledge sufficient to form a belief as to the truth of Paragraph 13; therefore, Defendant denies the same.

14.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of Paragraph 14; therefore, Defendant denies the same.

15.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of Paragraph 15; therefore, Defendant denies the same.

16.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of Paragraph 16; therefore, Defendant denies the same.

17.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of Paragraph 17; therefore, Defendant denies the same.

18.     Defendant admits it acquired the debt on July 18, 2013.

19.     Defendant admits that a written correspondence was sent to Plaintiff on December 19, 2018.

20.     Defendant denies Paragraph 20.

21.     Defendant admits that language appears on the letter.

22.     Defendant denies the letter was required to include a Statute of Limitations disclosure.

23.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of Paragraph 23; therefore, Defendant denies the same.

24.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of Paragraph 24; therefore, Defendant denies the same.

**DAMAGES**

25.     Defendant denies Paragraph 25.

26.     Defendant denies Paragraph 26.

**CLAIMS FOR RELIEF**

**COUNT I**

27.     Defendant reincorporates the preceding paragraphs as if fully set out herein.

28.     Defendant denies Paragraph 28 as an incomplete and/or inaccurate statement of law.

29.     Defendant denies Paragraph 29.

30.     Defendant denies Paragraph 30.

31.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of Paragraph 31; therefore, Defendant denies the same.

32.     Defendant denies Paragraph 32.

33.     Defendant generally admits Paragraph 33 but denies that Defendant violated any provisions of the FDCPA.

Defendant denies Plaintiff's Prayer for Relief and its subparts.

## COUNT II

34.     Defendant reincorporates the preceding paragraphs as if fully set out herein.

35.     Defendant denies Paragraph 35 as an incomplete and/or inaccurate statement of law.

36.     Defendant denies Paragraph 36.

37.     Defendant denies Paragraph 37.

38.     Defendant generally admits Paragraph 38 but denies that Defendant violated any provisions of the FDCPA.

Defendant denies Plaintiff's Prayer for Relief and its subparts.

## DEMAND FOR JURY TRIAL

39.     Defendant admits Plaintiff seeks a trial by jury in this case.

## AFFIRMATIVE DEFENSES

40.     Plaintiff has failed to mitigate damages, if any.

41.     Plaintiff's damages, if any, are the result of a preexisting condition not caused nor

exacerbated by Defendants.

42.      Any violation of the FDCPA was not intentional and resulted from a bona fide error within

the meaning of 15 U.S.C. § 1692k.

43.      Plaintiff proximately caused her own damages, if any.

                        Respectfully submitted,

                        **MALONE FROST MARTIN PLLC**

                        */s/* Robbie Malone
                        ROBBIE MALONE
                        Texas State Bar No. 12876450
                        Email: rmalone@mamlaw.com
                        EUGENE XERXES MARTIN, IV
                        Texas State Bar No. 24078928
                        Email: xmartin@mamlaw.com
                        JACOB MICHAEL BACH
                        Texas State Bar No. 24100919
                        Email: jbach@mamlaw.com
                        **MALONE FROST MARTIN PLLC**
                        Northpark Central, Suite 1850
                        8750 North Central Expressway
                        Dallas, Texas 75231
                        TEL: (214) 346-2630
                        FAX: (214) 346-2631

                        ***COUNSEL FOR DEFENDANT***
                        ***Portfolio Recovery Associates, LLC***

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that a true and correct copy of the above and foregoing has been filed and

served to known counsel of record **via CM/ECF** on this 20th day of June, 2019 to:

Joseph S. Davidson
Mohammed O. Badwan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue Suite 200
Lombard Illinois
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Attorney for Plaintiff*

/s/ Robbie Malone
ROBBIE MALONE